# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
FEBRUARY 2026 00542
E-Filing Number: 2602008726

| | |
|---|---|
| PLAINTIFF'S NAME<br>ADONIOUS WOOLARD | DEFENDANT'S NAME<br>HOME DEPOT, INC. |
| PLAINTIFF'S ADDRESS<br>2224 SNYDER AVENUE APT. 2<br>PHILADELPHIA PA 19145 | DEFENDANT'S ADDRESS<br>2455 PACES FERRY ROAD<br>ATLANTA GA 30339-1834 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>THE HOME DEPOT, INC., ALIAS: C/O CORPORATION SERVICES COMPANY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>2595 INTERSTATE DRIVE SUITE 103<br>HARRISBURG PA 17110 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>HOME DEPOT USA, INC., ALIAS: C/O CORPORATION SERVICES COMPANY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>2595 INTERSTATE DRIVE SUITE 103<br>HARRISBURG PA 17110 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| FILED<br>PRO PROTHY<br>FEB 04 2026<br>S. GILLIAM | YES NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ADONIOUS WOOLARD

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JEFFREY R. LESSIN | ADDRESS<br>1515 MARKET ST<br>SUITE 1650<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER (215)599-1400 / FAX NUMBER (215)599-0120 | |
| SUPREME COURT IDENTIFICATION NO.<br>43801 | E-MAIL ADDRESS<br>j.lessin@lessinlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*JEFFREY LESSIN* | DATE SUBMITTED<br>Wednesday, February 04, 2026, 10:53 am |

**COMPLETE LIST OF DEFENDANTS:**

1. HOME DEPOT, INC.
   2455 PACES FERRY ROAD
   ATLANTA GA 30339-1834
2. THE HOME DEPOT, INC.
   ALIAS: C/O CORPORATION SERVICES COMPANY
   2595 INTERSTATE DRIVE SUITE 103
   HARRISBURG PA 17110
3. HOME DEPOT USA, INC.
   ALIAS: C/O CORPORATION SERVICES COMPANY
   2595 INTERSTATE DRIVE SUITE 103
   HARRISBURG PA 17110
4. THE HOME DEPOT #4166
   2200 OREGON AVENUE
   PHILADELPHIA PA 19145

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**
By: Jeffrey R. Lessin, Esquire (ID# 43801)
By: James E. Murphy, Esquire (ID# 84879)
1515 Market Street-Suite 1650
Philadelphia, PA 19102
(215) 599-1400
Attorneys for Plaintiffs

THIS IS A MAJOR CASE
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED
JURY TRIAL DEMANDED

*Filed and Attested by the Office of Judicial Records [illegible] 2026 10:53 am [illegible] GILLIAM*

| | | |
|---|---|---|
| **ADONIOUS WOOLARD** | : | **IN THE COURT OF COMMON PLEAS** |
| **2224 Snyder Avenue, Apt. 2** | : | **OF PHILADELPHIA COUNTY, PA** |
| **Philadelphia, PA 19145** | : | |
| **Plaintiff** | : | |
| **vs.** | : | |
| **HOME DEPOT, INC.** | : | |
| **2455 Paces Ferry Road** | : | **No.:** |
| **Atlanta, GA 30339-1834** | : | |
| **and** | : | |
| **THE HOME DEPOT, INC.** | : | |
| **c/o Corporation Services Company** | : | |
| **2595 Interstate Drive, Suite 103** | : | |
| **Harrisburg, PA 17110** | : | |
| **and** | : | |
| **HOME DEPOT USA, INC.** | : | |
| **c/o Corporation Services Company** | : | |
| **2595 Interstate Drive, Suite 103** | : | |
| **Harrisburg, PA 17110** | : | |
| **and** | : | |
| **THE HOME DEPOT #4166** | : | |
| **2200 Oregon Avenue** | : | |
| **Philadelphia, PA 19145** | : | |
| **Defendants** | : | |

**CIVIL ACTION COMPLAINT WITH NOTICE TO DEFEND**

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and
INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta assentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandate y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE
FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**
By: Jeffrey R. Lessin, Esquire (ID# 43801)
By: James E. Murphy, Esquire (ID# 84879)
1515 Market Street-Suite 1650
Philadelphia, PA 19102
(215) 599-1400
Attorneys for Plaintiffs

THIS IS A MAJOR CASE.
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.
JURY TRIAL DEMANDED.

| | | |
|---|---|---|
| **ADONIOUS WOOLARD** | : | **IN THE COURT OF COMMON PLEAS** |
| **2224 Snyder Avenue, Apt. 2** | : | **OF PHILADELPHIA COUNTY, PA** |
| **Philadelphia, PA 19145** | : | |
| **Plaintiff** | : | |
| **vs.** | : | |
| **HOME DEPOT, INC.** | : | |
| **2455 Paces Ferry Road** | : | **No.:** |
| **Atlanta, GA 30339-1834** | : | |
| **and** | : | |
| **THE HOME DEPOT, INC.** | : | |
| **c/o Corporation Services Company** | : | |
| **2595 Interstate Drive, Suite 103** | : | |
| **Harrisburg, PA 17110** | : | |
| **and** | : | |
| **HOME DEPOT USA, INC.** | : | |
| **c/o Corporation Services Company** | : | |
| **2595 Interstate Drive, Suite 103** | : | |
| **Harrisburg, PA 17110** | : | |
| **and** | : | |
| **THE HOME DEPOT #4166** | : | |
| **2200 Oregon Avenue** | : | |
| **Philadelphia, PA 19145** | : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Adonious Woolard, is an adult individual who resides at the address set forth in the above caption.

2. Defendant, Home Depot, Inc. is a for-profit corporation, or other business entity, that is incorporated in the State of Delaware, which regularly conducts business in Philadelphia County, PA and which has its headquarters located at the address set forth in the above caption.

3. Defendant, The Home Depot, Inc., is a for-profit corporation, or other business entity, that is believed to be the parent, subsidiary, or alter ego, of Defendant Home Depot, Inc., which regularly conducts business in Philadelphia County, PA and which has a registered Pennsylvania office located at the address set forth in the above caption.

4. Defendant, Home Depot USA, Inc., is a for-profit corporation, or other business entity, that is believed to be the parent, subsidiary, or alter ego, of Defendant Home Depot, Inc., which regularly conducts business in Philadelphia County, PA and which has a registered Pennsylvania office located at the address set forth in the above caption.

5. Defendant, The Home Depot #4166, is a business entity that is believed to be a subsidiary or alter ego of Defendants Home Depot, Inc., The Home Depot, Inc., and/or Home Depot USA, Inc. At all times relevant hereto, Defendant The Home Depot #4166 was a retail store that was open to members of the general public, and that was located at the address set forth in the above caption.

6. Defendants Home Depot, Inc., The Home Depot, Inc., Home Depot USA, Inc., and The Home Depot #4166 are hereinafter collectively referred to as "Defendant Home Depot."

7. At all times relevant hereto, Defendant Home Depot was the owner, co-owner, lessor, and/or property manager of the retail store located at 2200 Oregon Avenue, Philadelphia, PA 19145 (which store is hereinafter referred to as "the Premises.").

8. Venue for this action is properly in the County of Philadelphia. Defendant Home Depot has one or more stores located in Philadelphia County and it regularly business in Philadelphia County.

9. On or about June 10, 2024 at approximately 10:00 a.m., the Plaintiff, Adonious Woolard, was a customer/business invitee inside The Home Depot # 4166 located at 2200 Oregon Avenue, Philadelphia, PA 19145.

10. At the aforesaid time and place, as Plaintiff Adonious Woolard was standing inside the Premises shopping for supplies on behalf of his employer, he was directed by an employee of Defendant Home Depot to step backward so that Home Depot employees could move a display case. When the Plaintiff stepped backward as he had been directed to do, he tripped and fell over a pallet jack that a Home Depot employee had placed behind him. The fall caused the Plaintiff to suffer serious injuries (described in detail below).

11. The pallet jack that had been placed in the aisle behind the Plaintiff was a dangerous and defective condition of the Premises which the Defendant had created, or of which the Defendant had actual or constructive knowledge.

12. The incident described herein was due to the negligence of the Defendant acting as set forth herein and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

COUNT I – NEGLIGENCE/HAZARDOUS PROPERTY
Plaintiff Adonious Woolard v. Defendants Home Depot, Inc., The Home Depot, Inc., Home Depot USA, Inc., and The Home Depot # 4166

13. The Plaintiff hereby incorporate by reference the averments of each and every paragraph above as fully as though they were set forth here at length.

14. At all times material hereto, Defendant Home Depot owned, possessed, occupied, controlled, maintained, managed and was otherwise responsible for the condition of the Premises where the Plaintiff fell, as averred above.

15. At all times material hereto, the Defendant Home Depot had a duty to exercise reasonable care to make the Premises safe for business invitees such as the Plaintiff, and to provide such persons with adequate warning of any dangers or defects on the premises the Defendants created, or of which the Defendants were aware, or in the exercise or reasonable care, of which the Defendants should have been aware.

16. At all times material hereto, the Defendant Home Depot created, and/or allowed to remain for an unreasonable period of time, a hazardous and dangerous condition more specifically consisting of the pallet jack located in the aisle behind the Plaintiff.

17. At all relevant times, Plaintiff Adonious Woolard was an invitee on Defendants' premises and he was acting reasonably, safely and in accordance with the purpose of his presence on the premises.

18. The Plaintiff believes, and therefore avers, that the Defendants had actual or constructive notice of the existence of the said hazardous, dangerous and defective condition.

19. In breach of its duty of due care, the Defendant Home Depot did, on the date referenced above, and for some time prior thereto, carelessly, and negligently create, allow to remain, fail to warn of, or otherwise fail to properly address, the said hazardous condition on the Defendants' premises.

20. On the aforesaid date, the Defendants, by and through their respective agents, servants, workmen and/or employees, owned, managed, possessed, controlled, maintained and supervised the Premises where the incident occurred.

21. The Defendants were obligated by law to correct, remedy, repair, warn of, and/or eliminate the said defective and dangerous condition of the Premises for the protection of invitees such as the Plaintiff.

22. The Defendants negligently, and in breach of their duty of due care, failed to take reasonable steps and precautions to correct, remedy, repair, warn of, and/or eliminate the said defective and dangerous condition on the Premises, and this failure caused the incident in which the Plaintiff was injured.

23. The Defendants' negligence, by and through its agents, employees, and workmen, included the following acts or omissions:

a. creating a hazardous condition in the premises;

b. failing to warn a business invitee of the said hazardous condition;

c. attempting to move a display case inside the premises while there were business invitees in the immediate area;

d. improperly directing the Plaintiff to step backward;

e. creating a menace, danger, nuisance, trap and/or hazard to business invitees and lawfully walking in the premises;

f. improperly placing a pallet jack behind the Plaintiff;

g. failing to provide any warning that a pallet jack had been placed behind the Plaintiff;

h. failing to maintain the aforesaid location in a reasonable manner;

i. failing to reasonably, safely and properly maintain, correct, monitor and otherwise keep safe the area of the premises where the Plaintiff fell;

j. failing to correct, remove, and/or otherwise ameliorate the hazard on the premises;

k. failing to take reasonable steps to decrease the risk of injury to persons on the premises; and,

l. failing to reasonably address the or warn of the areas of the premises that posed a risk of injury.

24. As a direct and proximate result of the negligence of the Defendants as set forth above, Plaintiff Adonious Woolard suffered bodily injuries which are serious and permanent in nature, including: labral tear of the left hip; hernia requiring surgical repair; core muscle injury with detachment from the pubic plate; annular tears at L3-4, L4-5 and L5-S1; lumbar radiculopathy; and, post-traumatic anxiety; all of which injuries have caused hin severe pain and suffering and have required him to receive medical care and treatment.

25. As a direct and proximate result of the negligence of the Defendant as set forth above, Plaintiff Adonious Woolard has been required to expend sums of money for medicine and medical treatment, and to incur expenses arising from the injuries he sustained, and he may be required to continue to expend such sums or incur such expenses for an indefinite time in the future.

26. As a further result of this incident, Plaintiff Adonious Woolard has suffered physical and/or mental impairments which prevent him from performing the material acts and duties which constitute his usual and customary activities; and he has suffered, and will continue to suffer, severe physical pain, mental anguish and humiliation, emotional distress, loss of enjoyment of life, discomfort, inconvenience, limitation and restriction of movement, loss of ability to use body parts, loss or limitation of ability to perform activities of daily living and leisure activities, and other damages and consequential effects, and he will continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff Adonious Woolard demands judgment against the Defendants, Home Depot, Inc., The Home Depot, Inc., Home Depot USA, Inc., and The Home Depot # 4166 for a sum in excess of $50,000, together with costs, interest and any other relief the Court may deem appropriate.

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

BY: *Jeffrey R. Lessin*
Jeffrey R. Lessin, Esquire
Attorney for Plaintiff

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

BY: *James E. Murphy*
James E. Murphy, Esquire
Attorney for Plaintiff

## VERIFICATION

I, Adonious Woolard, state that I am the Plaintiff in this matter and that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

a. [signature]
Adonious Woolard (Jun 26, 2025 12:04 EDT)